UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Troy Eugene Mobley, Jr., #249231, | ) | C/A No.: 3:07-01593-GRA-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on July 11, 2008.

## Procedural History

The petitioner originally brought a habeas corpus petition pursuant to 28 U.S.C. § 2254, filed on October June 4, 2007. The respondent filed a Motion for Summary Judgment on September 17, 2007. The respondent filed supplemental returns on September 28 and December 19, 2007. The court issued an order pursuant to *Roseboro v. Garrison*, 428 F.2d 309 (4th Cir. 1975) advising the petitioner of the summary judgment dismissal procedure and warning him of the consequences if he did not respond to the motion. On November 20, 2007, the petitioner filed an objection to magistrate's report and recommendation. However, the magistrate did not issue

his Report and Recommendation until July 11, 2008. Faced with this inconsistency, the magistrate construed the objection as a response to the *Roseboro* Order.

The magistrate now recommends the defendant's motion for summary judgement be granted, and the petition dismissed without an evidentiary hearing. Neither party filed objections to the Report and Recommendation.

## Standard of Review

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is

not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Nothing in the petitioner's instant motions can be construed as a specific objection to the magistrate's Report and Recommendation.

After reviewing the magistrate's Report and Recommendation, the petitioner's motion, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case in arriving at his recommendation. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the respondent's Motion for Summary Judgment be GRANTED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

September    3    , 2008

Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**